Judge CHvscev
delivered the Opinion of the Court.
This was an action of debt brought by William M’Glasson, assignee of John.Arnold, against heirs and administrators of Benjamin Leathers deceased, upon a note executed by the deccdant, in his lifetime, to John Arnold for six hundred dollars,
Two pleas were filed by the defendants. To the first plea M’Glasson demurred, and the defendants joined in the demurrer. The demurrer was sustained by the court, and the defendants failing furthcr to answer, but desiring to withdraw their second plea, were permitted to do so by the court, and judgment was thereupon rendered in favor of the plaintiff M’Glásson, for the amount of his debt, &c.
Front that judgment the defendants appealed.
It is first objected against the judgment, that the court erred in sustaining the demurrer to the first plea. The object of that plea appears to have been' to rely upon the pendency of another action for the' same cause when this suPC was commenced as forming a good defence toa recovery in the present case. It is not, however, necessary that we should enter minutely into an examination of the plea, and discuss every possible objection that might be taken to it. It is sufficient to remark, that the matter of the plea could only be pleaded in abatement; and tested by the acknowledged rules of pleading, the plea of the defendants cannot be denominated one of that character.
The plea commences in bar* and not in abatement, and it is well settled that, if a plea begins in bar* ¿hough it contains only matter oí abatement, it will be considered a plea in bar, knd final judgment shall be given, 2 Saund. 209, a. n 1. Littell’s Sel. Cas. 270.
But conceding tbe insufficiency of the plea, it is fnrther objected that the demurrer should not have been sustained: 1st, because the declaration is in *224 the debet and detinet; and 2nd, because the declaration contains no special averment of a demand.
At common law, debt by or against an executor, on contract of Use testator, was in the detinet only, not. debet and dfetinep; and an efror in this was once i'atal.on general demurrer. Not so now; ■by the statutes of England, re-enacted in Virginia, and made law here, the objection does not lie.
No demand is necessary before suit on an obligation payable on demanr), whether against the party himself or his representatives.
Judgment against the executors anil heirs is thus— io be levied of the assets in the hands tors^ir'snffi-" 0ient — if not, then the as^sto heirs,
*224 At common law, whether the action be by or against an administrator, upon a contract made by the intestate, the declaration ought regularly to be in the detinet only; and authorities might be cited to prove, that it was anciently held to be a substantial error, for such actions to be in the debet and, detinet.
But under the statute of 16 and 17 Car. 2, the error has been beld in England to be aided after verdict; and by the statutes of 4 and 5 Ann. C. 16, on general demurrer. Com. Dig. Pleader 2 D. 1, 2, L. Ray. 1391.
By an act of the Virginia Legislature of 1753, thyse statutes of England were declared to be in force there, and after the separation from Virginia, were adopted by the Legislature of this State; so that in deciding upon the demurrer to the plea, though it was incumbent upon the Court to travel back and examine the sufficiency of the declaration, if was unquestionably correct not to regard any defects in the declaration which, under the laws in force in this country, are not available upon a general demurrer. The first objection to the declaration, cannot, therefore, be sustained.
The second objection is equally untenable. The declaration, it is true, contains no averment of a special demand, nor was such an averment necessary. The note, upon which the action is founded, stipulates to pay upon demand; but it is for the payment of money, and according to the settled doctrine of the law, the commencement of the action is in itself a sufficient demand; whether the action be brought against the maker of the note in his lifetime, or against his legal representative^ after his decease.
It results therefore, that the court decided correctly in sustaining the demurrer to the first plea.
The judgment of the court should, however, have been different from that which was rendered. The plea to which the demurrer was sustained being, as we have already remarked, a plea in bar, and not in abatement, it was doubtless correct to enter final *225 judgment, but it was evidently erroneous' to enter tiie judgment against the personal representatives’ and lieirs of the intestate in. their personal right. The judgment ought regularly to have been against them in their representative character, first to lie levied of the goods and chattels which were of the estate of the intestate at the tiine of his deatii, and which had come to the hands of the administrators to be administered, and in case of the failure of the plaintiff in the court below, to make the amount out of the goods and chattels, secondly to be levied ef the estate of the intestate to his heirs descended.
Todd and Triplett for appellant/ Mayes for appellee.
The judgment must, consequently; he reversed with cost* the cause remanded to the court below, and judgment there entered id conformity to tiie principles of this opinion.